■ In the Matter of JACQUELINE DE A. ARAUJO, Also Known as JACQUELINE M. MACEDO, Appellant, v. JOSE DE A. ARAUJO, Respondent.— Appeal from a judgment of the Supreme Court, New York County, dated October 19, 1971, and entered in the office of the clerk on October 20, 1971, providing for custody and visitation, unanimously dismissed, without costs and without disbursements. The judgment was entered herein by consent on stipulation and is not appealable. (*Norton & Siegel* v. *Nolan*, 276 N. Y. 392.) Order, Supreme Court, New York County, entered on October 26, 1971, denying vacatur of stipulation upon which the judgment was entered, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, and the mat-

ter remanded for a hearing. The stipulation herein deals with the interests of an infant. Whether the stipulation should be enforced is a matter that should not be decided without a plenary hearing which shall concern itself primarily with the best interests of the child. The child's welfare cannot be bartered or compromised and the child's rights are superior to those who are parties to the stipulation. Any right that the child has may not be foreclosed by stipulation. It is the duty of the court to determine custody solely on the basis of the welfare of the child. (*Matter of Holland* v. *Oscarson*, 2 A D 2d 987.) In the instant case, the child was not brought before the court prior to the entry of the stipulation, nor did the court direct production of the child. In a proceeding of this type, prior stipulations are limited to the situation then prevailing and have no conclusive weight when conditions change or new facts are established. The issue of the child's welfare cannot be determined on the basis of the outcome of the prior maneuvers of the parents. (*People ex rel. Cachelin* v. *Cachelin*, 18 A D 2d 1057, 1058.) The interests of the child are worthy of prime consideration. Accordingly, we direct a prompt plenary hearing before a Justice other than the Justice who originally presided, with the stay heretofore granted continued. Concur — Stevens, P. J., Capozzoli, Markewich, Murphy and McNally, JJ.