The People of the State of New York ex rel. Katherine " XX ''[*], on Behalf of Rodney " YY ''[*] and Lucinda " YY ''[*], Respondent, *v.* Roger Lewis " ZZ ''[*], Appellant.

Third Department, January 3, 1974.

*Ernest Abdella* and *George Abdella* (*George Abdella* of counsel), for appellant.

*Carmel J. Greco* for respondent.

---

[*] Fictitious names used for publication.

Cooke, J.   This is an appeal from a judgment of the Family Court, Fulton County, entered September 26, 1973, which awarded custody of the infants Rodney and Lucinda " YY " to petitioner.

The infants involved were born of the marriage between petitioner and appellant which terminated in a New Hampshire decree of divorce granted to petitioner on grounds of extreme cruelty.   Incorporated into said decree was a stipulation by the parties that custody of the minor children remain with petitioner. There is no indication that any modification of said decree has been sought or obtained.

In June, 1973, petitioner brought three of the infant children to the State of New York for a vacation with appellant's mother, at the latter's invitation.   Petitioner contends that she informed appellant's mother that she would return for the children in late July or early August and that when she did return on August 11, 1973 she discovered that the children were residing with appellant, who refused to part with them.   (One of the children returned with petitioner to New Hampshire and is not involved in the instant proceeding.)

In this habeas corpus proceeding petitioner contends that she was entitled to custody by virtue of the New Hampshire decree which was entitled to full faith and credit in New York.   Appellant's answer disputed petitioner's allegations and alleged that the latter mistreated the children and that he was in a better position to provide them with proper care.   Special Term transferred the matter to Family Court for a hearing and disposition.

A hearing was commenced in Family Court but was aborted when the Judge stated that the only issue before him was one of law — whether the New Hampshire divorce decree and its custody provisions were entitled to full faith and credit.   He answered that question in the affirmative and the judgment appealed from followed.   No decision was made regarding whether the best interests of the children would be served by recognition of the New Hampshire decree.

The Family Court's conclusion that the foreign custody decree was entitled to full faith and credit in New York courts was erroneous (*Matter of Berlin* v. *Berlin*, 21 N Y 2d 371, 376, mot. to amend remittitur granted 21 N Y 2d 970, cert. den. 393 U. S. 840; *Matter of Bachman* v. *Mejias*, 1 N Y 2d 575; *Matter of Gaukel* v. *Gaukel*, 35 A D 2d 1056).   In such cases, the court should address itself to the question of what disposition is in the best interests of the child (*id.*) and a hearing should have

been held for the purpose of making that determination. (*Matter of Gaukel* v. *Gaukel, supra.*) In making that determination the court should be mindful that while custody orders of foreign courts are not entitled to full faith and credit, nevertheless they should be recognized except where extraordinary circumstances are shown which affect the health and welfare of the children (*Matter of Metz* v. *Morley*, 29 A D 2d 462, 464). The custody of infant children is not to be shifted from parent to parent merely because the noncustodial parent has experienced an improvement in condition, status or character, this being true at least so long as the custodial parent has not been shown unfit or less fit to serve as proper custodian (*Matter of Metz* v. *Morley, supra,* pp. 464–465; *Matter of Lang* v. *Lang*, 9 A D 2d 401, 409, affd. 7 N Y 2d 1029).

The judgment should be reversed, on the law, with costs, and the matter remitted to Family Court for a determination based on the best interests of the children.

HERLIHY, P. J., GREENBLOTT, SWEENEY and REYNOLDS, JJ., concur.

Judgment reversed, on the law, with costs, and matter remitted to the Family Court for a determination based on the best interests of the children.