■ In the Matter of GEORGE R. SCOVILLE, Respondent, v BETTY A. SCOVILLE (McDONNELL), Appellant.—Appeal from an order of the Family Court, Saratoga County, entered May 8, 1974, which awarded the custody of two infant children of the parties to the respondent. On August 15, 1967 the litigants were divorced by a decree of the Superior Court of Richmond

County, Georgia. Pursuant to that decree the custody of the children was "left with the parties" who had previously agreed by a separation agreement that the children should be in the sole custody of the appellant subject to respondent having rights of "reasonable and occasional visitation". If it were not for the fact that the appellant had been awarded custody in the prior Georgia decree, we would find absolutely no basis to disturb the discretionary decision of the trial court that the best interests of the children involved were served by placing them in the custody of the respondent (e.g., *Bunim v Bunim,* 298 NY 391; *Matter of "FF" v "FF",* 37 AD2d 893). In a case presented in the first instance the trial court's discretion would clearly be supported by the evidence. The report of the investigation performed by the Child Welfare Division of the Saratoga County Department of Social Services, though not officially part of the record, could properly have been utilized by the trial court in deciding the issue since both parties read the report, made no objection to its contents and had previously stipulated to its use by the Trial Judge *(Kesseler v Kesseler,* 10 NY2d 445, 456). As to the prior Georgia decree, it is normally true that once custody is established by judicial process in one parent it should only be changed upon a showing of an extraordinary or material change in the circumstances of the custodial parent which shows such parent to be "unfit or less fit to serve as proper custodian" even if, as here, we are dealing with a decree of another State *(People ex rel. "XX" v "ZZ",* 43 AD2d 196, 198). Once custody is judicially determined on the basis of the child's best interest, there must be established a real need to effect a change to insure the welfare of the children involved before custody will be changed *(People ex rel. "BBB" v "CCC",* 44 AD2d 617). However, in the instant case it is absolutely clear that the Georgia Court never itself considered the actual interests of the children but merely left the issue to the parties as "agreed between themselves". The best interests of the children must, of course, come before the parents' stipulation *(Matter of Araujo v Araujo,* 38 AD2d 537), and thus, particularly whereas here the parents continued to live together for almost four years after the divorce, it truly cannot be said that the best interests of the children have ever previously been judicially reviewed and adequately decided. Order affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.