■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT C. MM et al., on Behalf of Sundae MM, Respondents, v ANN JEANETTE NN, Appellant. —Appeal from a judgment of the Family Court, Ulster County, entered September 18, 1975, which sustained a writ of habeas corpus and awarded custody of the infant child to the petitioner Robert MM. Petitioner and appellant were married in August, 1968, became separated in May, 1973, and were divorced in the District Court of Denver, Colorado, on January 11, 1974. The Colorado divorce decree granted custody of their infant daughter Sundae to the petitioner father, and made no provision for visitation by the mother. Neither party was represented by an attorney in the divorce proceeding which appears to have been obtained by consent, without any judicial consideration or determination of the child's custody other than a *pro forma* ratification by the Colorado court of the parents' disposition of the custody of the child. After the parents separated and about eight months prior to their divorce, the father, with the consent of the appellant mother, removed the child to his family home in Kansas where he and his mother cared for the child. Following the divorce appellant came to New Paltz, New York, where she now resides with her second husband whom she married in December, 1974. In May, 1975 appellant made a trip to Kansas, accompanied by her present husband, for the purpose of bringing her daughter back with her to New York State. The trial court found that petitioner was fearful that appellant would not return the child to him after a summer visit, and agreed to permit the child to accompany her mother back to New York only upon the express assurance that she would return the child to him in Kansas by August 1, 1975, preparatory to the commencement of the school year. By letter dated July 25, appellant informed petitioner that she had decided to keep their daughter with her, and not return her to him, as promised. Thereafter, petitioner and his present wife, whom he married in May, 1975, proceeded to New York State for the purpose of regaining custody of the child, and the instant proceeding was commenced by writ of habeas corpus. We are, of course, concerned solely with the best interests and the welfare of the child, Sundae (*Matter of Lincoln v Lincoln,* 24 NY2d 270; Domestic Relations Law, § 70). As we have previously held, when there has been a judicial determination of custody in one parent, it should only be changed upon a showing of an extraordinary or material change in the circumstances of the custodial parent which shows such parent to be unfit or less fit to serve as proper custodian even where, as here, we are dealing with a decree of another State (*Matter of*

*Scoville v Scoville [McDonnell],* 47 AD2d 971; *People ex rel. XX v ZZ,* 43 AD2d 196). It is clear, however, that in the instant case the Colorado court never gave any consideration to the actual interests of the child but left the resolution of that issue to the parents. The best interests of the child are paramount and entitled to priority over any agreement between the parents, *(Matter of Araujo v Araujo,* 38 AD2d 537). It cannot be said that the best interests of the child were previously judicially reviewed or adequately decided by the Colorado court *(Matter of Scoville v Scoville [McDonnell], supra)* and, in such case, the Family Court properly addressed itself to that question and conducted a hearing for the purpose of making that determination *(People ex rel. XX v ZZ, supra).* As the Family Court properly stated following a hearing, there is no prima facie right to custody in either parent (Domestic Relations Law, §§ 70, 240), and there is no claim or proof that the petitioner father, who has had continued custody of the child, is unfit or likely to become so. It is difficult to see, therefore, how the child's best interests would be served by a change of custody *(Matter of Lang v Lang,* 9 AD2d 401, affd 7 NY2d 1029). We conclude that there was a sound and substantial basis for the determination of the Family Court. Judgment affirmed, without costs. Herlihy, P. J., Kane, Koreman, Main and Reynolds, JJ., concur.