◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONNA L. BRUZZESE, Respondent, v JOSEPH L. BRUZZESE, Appellant.—In a habeas corpus proceeding to determine custody of two children, the father appeals from (1) a judgment of the Supreme Court, Richmond County, dated February 9, 1979, which sustained the writ, without a hearing, and directed that the parties' infant sons be released and discharged into the custody of the petitioner mother, and (2) an order of the same court, dated February 26, 1979, which denied his motion, in effect, for reargument. Proceeding remitted to Special Term to hear and report forthwith on the following matters: (1) whether the courts of this State have jurisdiction to make a custody determination pursuant to section 75-d of the Domestic Relations Law, (2) and if the courts of this State do have jurisdiction, whether the exercise of

such jurisdiction should be declined on the basis of *forum non conveniens* (see Domestic Relations Law, § 75-h) or on the the the basis of the appellant's conduct pursuant to the "unclean hands" provision of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, § 75-i, subd 1), and (3) whether enforcement of the parties' custody agreement is in the best interests of the children. The appeals shall be held in abeyance in the interim and Special Term is directed to file its report with all convenient speed. On June 14, 1978 the parties executed a separation agreement which, *inter alia,* awarded custody of their children to the wife and specifically provided that she may take up residence with them in the State of Texas. The agreement also provided that the husband "shall have the right of temporary custody of the [two older] children * * * for their Christmas * * * vacations [which] shall be of one week duration". On December 8, 1978 the wife sent the children to New York pursuant to the above agreement. However, at the end of the Christmas vacation one week later, the appellant husband refused to release the children and instead commenced an action for divorce and for custody of the children. Consequently, the petitioner instituted this proceeding in New York. The parties appeared before Special Term on January 25, 1979, but Special Term failed to conduct a plenary hearing on the issues of custody, the best interests of the children or subject matter jurisdiction. Indeed, Special Term subsequently sustained the writ without indicating the basis for its determination. A hearing is required for the following reasons: First, the husband is seeking to have the courts of this State make a final determination with respect to permanent custody of the parties' children. Section 75-d of the Domestic Relations Law sets forth the standards to determine whether the courts of this State have jurisdiction to decide this matter. The application of these standards requires certain preliminary findings, e.g., the " 'Home state' " of the children within the meaning of subdivision 5 of section 75-c and section 75-d (subd 1, par [a]) of the Domestic Relations Law, the significance of the connections of the parties and their children with this State within the meaning of section 75-d (subd 1, par [b]) of the Domestic Relations Law, etc. Second, it appears that Special Term may have based its judgment on the provisions of section 75-h or section 75-i of the Domestic Relations Law. While we intimate no opinion as to the merits of the petition or the application of the above-cited provisions, we stress that a decision should only be made after a plenary hearing and with a full explication of the facts essential to the decision (see CPLR 4213, subd [b]; *Berlin v Berlin,* 60 AD2d 861). Only then will intelligent judicial review of such decision be possible. Third, it is axiomatic that an agreement as to custody may be upheld *only* after the agreement is subjected to the closest and most careful scrutiny and then *only if* enforcement of the same is in the best interests and welfare of the children (see *Matter of Araujo v Araujo,* 38 AD2d 537; *Agur v Agur,* 32 AD2d 16). Finally, the petitioner has informed this court that a custody proceeding was commenced in the State of Texas during the pendency of this proceeding. To assure that jurisdiction will be exercised by the more appropriate court, Special Term should communicate with the Texas court and exchange information pertinent to the assumption of jurisdiction by either court (see Domestic Relations Law, § 75-g, subd 3; § 75-h, subd 4). Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.