■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONNA L. BRUZZESE, Respondent, v JOSEPH L. BRUZZESE, Appellant.—In a habeas corpus proceeding to determine custody of two children, the father appeals from (1) a judgment of the Supreme Court, Richmond County, dated February 9, 1979, which sustained the writ, without a hearing, and directed that the parties' infant sons be released and discharged into the custody of the petitioner mother, and (2) an order of the same court, dated February 26, 1979, which denied his motion, in effect, for reargument. By order dated June 25, 1979, this court remitted the proceeding to Special Term to hear and report on certain specified questions, with respect to the issue of custody, to wit: (1) whether the courts of this State have jurisdiction to make a custody determination pursuant to section 75-d of the Domestic Relations Law, (2) and if the courts of this State do have jurisdiction, whether the exercise of such jurisdiction should be declined on the basis of *forum non conveniens* (see Domestic Relations Law, § 75-h) or on the basis of the appellant's conduct pursuant to the "unclean hands" provision of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, § 75-i, subd 1), and (3) whether enforcement of the parties' custody agreement is in the best interests of the children. The appeal was held in abeyance in the interim *(People ex rel. Bruzzese v Bruzzese,* 70 AD2d 957). Special Term has now complied and rendered its report. Appeal from order dated February 26, 1979, dismissed, without costs or disbursements. No appeal lies from the denial of a motion for reargument. Judgment dated February 9, 1979 reversed, on the law, without costs or disbursements, and petition dismissed. On June 14, 1978 the parties executed a separation agreement which, *inter alia,* awarded custody of their children to the wife and specifically provided that she may take up residence with them in the State of Texas. The agreement also provided that the husband "shall have the right of temporary custody of the [two older] children * * * for their Christmas * * * vacations [which] shall be of one week duration." On December 8, 1978 the wife sent the children to New York pursuant to the above agreement. However, at the end of the Christmas vacation one week later, the appellant husband refused to release the children and instead commenced an action for divorce and for custody of the children. Consequently, the petitioner instituted this proceeding in New York. The parties appeared before Special

Term on January 25, 1979, but Special Term failed to conduct a plenary hearing on the issues of custody, the best interests of the children or subject matter jurisdiction. Indeed, Special Term subsequently sustained the writ without indicating the basis for its determination. Pursuant to this court's direction, Special Term conducted a hearing on October 18, 19 and 22, 1979. At this hearing, a final judgment of divorce in favor of the petitioner against the appellant, rendered in the State of Texas on September 5, 1979, was received in evidence. Said judgment of divorce contained the following finding and conclusion with respect to the children: "The Court further finds that the other two (2) children born of the marriage, namely, Steven Bruzzese, a boy, born June 15, 1968, and Joseph L. Bruzzese, a boy, born December 28, 1969, are physically present in the State of New York, and the Court has no jurisdiction over these said two (2) children." Upon the conclusion of the hearing, Special Term made findings of facts. First, the courts of this State do have jurisdiction to make a final determination with respect to permanent custody of the parties' children, pursuant to section 75-d of the Domestic Relations Law. Special Term found two independent bases for this conclusion. One, New York was the "home state" of the children at the time of the commencement of the custody proceeding (see Domestic Relations Law, § 75-c, subd 5; § 75-d, subd 1, par [b]). Two, it was in the best interests of the children for the courts of this State to assume jurisdiction of the matter due to the significant connections of the appellant and his children with this State and the existence of substantial evidence within the jurisdiction of the courts of this State concerning the children's present and future care, protection, training and personal relationships (see Domestic Relations Law, § 75-d, subd 1, par [b]). Second, Special Term found that the exercise of jurisdiction by the courts of this State to make a custody determination should not be declined on the basis of *forum non conveniens* (see Domestic Relations Law, § 75-h) or on the basis of the appellant's conduct pursuant to the "unclean hands" provision of the Uniform Child Custody Jurisdiction Act (see Domestic Relations Law, § 75-i, subd 1). This latter finding was based, in part, on testimony adduced at the hearing which demonstrated beyond peradventure that the children were being well cared for by the father. Third, Special Term found that the enforcement of the parties' custody agreement is not in the best interests of the children. It should be noted that this conclusion was founded in some measure on the testimony of the petitioner to the effect that for the present time the interests of the children would best be served by having them remain with the father. In view of Special Term's findings with respect to the best interests of the children, it is clear that the writ was improvidently sustained (see *People ex rel. Wasserberger v Wasserberger,* 42 AD2d 93, affd 34 NY2d 660; *Matter of Araujo v Araujo,* 38 AD2d 537; *Agur v Agur,* 32 AD2d 16). Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.