■ In the Matter of JAMES SCOTT et al., Appellants, v PATRICIA PLEUS, Respondent.—Kane, J. Appeal from an order of the Family Court of Broome County (Dickinson, Jr., J.), entered September 20, 1984, which dismissed petitioners' application for custody upon the ground that the court lacked jurisdiction.

Petitioner James Scott and respondent were married on December 17, 1977, and on September 16, 1978, Raymond Patrick Scott was born of this marriage. By judgment of divorce entered on October 22, 1981, Scott was granted his request for a divorce on the grounds of respondent's cruel and inhuman treatment. This judgment of divorce specifically referred all issues of support, custody and visitation to Family Court. The instant record, however, fails to advise us of the action, if any, taken by Family Court. By order to show cause dated August 31, 1984, Scott and petitioner Gladys Pleus, the maternal grandmother, petitioned Family Court for custody of Raymond. Specifically, the petition requested that "custody of the minor child be awarded to Gladys Pleus or * * * James Scott".*

By order dated September 14, 1984, Family Court scheduled a hearing to determine whether it had jurisdiction pursuant to Domestic Relations Law § 75-d. A hearing ensued at which respondent presented testimony to support her contention

---

* Since the natural father is a petitioner, it is unnecessary to address the propriety of the grandmother's request.

that jurisdiction was in the State of Indiana. Following respondent's presentation, petitioners requested the opportunity to present testimony to support their position. This request was denied and Family Court declined jurisdiction, ruling that the State of Indiana had jurisdiction over this matter. The instant appeal by petitioners ensued.

A review of Family Court's decision reveals that it was not based upon the criteria contained in Domestic Relations Law § 75-d, which, in pertinent part, provides that:

"A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when * * *

"(b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or *the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships*" (emphasis supplied).

Moreover, a review of the record reveals that Family Court abused its discretion by not allowing petitioners to present their case on the issue of jurisdiction. Accordingly, the matter must be remitted to Family Court for a new hearing at which petitioners should be allowed to present their testimony concerning jurisdiction *(see, People ex rel. Bruzzese v Bruzzese,* 70 AD2d 957).

Order reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.