Paul D. Graves, J.
The first canse of action set forth in the complaint seeks to set aside a separation agreement which the parties executed in New York State on July 21, 1958 pursuant to which defendant agreed to pay a lump sum settlement to plaintiff for her future support and maintenance and that of a child.
The second cause of action seeks to declare the nullity of a decree of divorce which defendant obtained against plaintiff in the Tenth Judicial Circuit, Jefferson County, Bessemer Division, State of Alabama, on September 19, 1958. The basis alleged for declaring the nullity of the decree is that it was obtained by means of fraud, deceit, forged documents and perjured testimony and, in particular, that the documents contained in the judgment roll entitled “ answer and waiver ” and “ agreement ”, purportedly signed by plaintiff, were forgeries; that neither party ever were residents of the State of Alabama; that plaintiff did not appear in any action instituted by defendant in Alabama. The second cause of action also contains allegations for divorce by reason of defendant’s subsequent marriage with another.
The summons and complaint were served upon defendant in the State of Virginia pursuant to section 235 of the Civil Practice Act. Defendant appearing specially, and alleging he is not a resident of the State of New York, now moves for an order, pursuant to section 237-a of the Civil Practice Act, dismissing those portions of the complaint which seek judgment that the separation agreement be set aside as null and void, that the Alabama decree be declared void, and that defendant be directed to make suitable allowance for the support and maintenance of plaintiff and a child of the marriage.
In support of defendant’s contention of lack of personal jurisdiction of this court, he states, by supporting affidavits, that he has been a resident of the State of Virginia since May 1, 1959, on which date he joined the Galax Medical Center in Galax, Virginia, as Chief Surgeon, and where he maintains an office for the practice of his profession; that he purchased a home in Galax on May 3,1959 where he still resides; that his automobile is registered in Virginia, and that he is a registered voter in Grayson County, Virginia.
*256 Plaintiff does not deny any of these statements. In fact, she admits defendant is presently living and conducting his practice in Virginia. She maintains however that defendant was a resident of this State at the time the divorce judgment was obtained in Alabama, and sets forth facts tending to show that, as stated in her attorney’s memorandum, “ defendant continued to be a resident of this state until on or after April 15, 1959 ”.
Whether or not defendant was a resident of this State at the time he obtained his Alabama decree is not determinative on this motion, wherein defendant attacks the power of this court to grant an in personam judgment on the ground he is presently a nonresident of this State and resides in the State of Virginia. The proof sufficiently establishes that, at the time this action was instituted against defendant, he was a nonresident of New York and was residing in Virginia.
A suit to set aside a separation agreement is not within section 232 of the Civil Practice Act which provides for service by publication in certain actions. Nor does such an action fall under section 235 of the Civil Practice Act which provides for personal service without the State in those actions in which an order for service of the summons by publication may be made. This cause of action which seeks to set aside the separation agreement seeks an in personam judgment. Since the defendant is not a resident of this State and was served outside the jurisdiction of the State, and has not made a general appearance, no valid personal judgment can be rendered against him determining that the separation agreement was invalid. (Jackson v. Jackson, 290 N. Y. 512; Star v. Star, 127 N. Y. S. 2d 481.) Nor may this court award alimony or a money judgment against a nonresident defendant who is served outside the State and has not appeared generally, in the absence of prior sequestration or seizure of defendant’s property in this State. (Geary v. Geary, 272 N. Y. 390; Matthews v. Matthews, 247 N. Y. 32; Odiens v. Odiens, 265 App. Div. 641; Patnode v. Patnode, 85 N. Y. S. 2d 788; D’Ambrogio v. D’Ambrogio, 193 N. Y. S. 2d 130.)
Section 232 (subd. 1) specifically provides for service upon a nonresident, “ where the action is to declare the nullity of a judgment of divorce rendered against a resident of this state in any action outside the state of New York in which such New York resident did not appear therein.” Defendant claims that plaintiff appeared in the Alabama action by reason of plaintiff’s admission in her answering affidavit of executing an answer and waiver, a copy of which was attached. Such an appearance, if valid, would prevent or estop plaintiff from questioning the decree of the Alabama court, at least insofar as attacking such *257 decree on the ground defendant was not a bona fide resident, since the finding by the Alabama court of jurisdiction must be accorded full faith and credit here. (Sherrer v. Sherrer, 334 U. S. 343; Boxer v. Boxer, 7 A D 2d 1001.) However, it is the answer, waiver and agreement contained in the judgment roll which plaintiff does not admit signing, and which she alleges are forgeries.
The answer and waiver which plaintiff admits signing is entitled “ In the County Court of Chilton County, Alabama, In Equity ”, and denies the entire bill of complaint. This complaint which she denies alleges the complainant was a resident citizen of Chilton County, Alabama, and had been for a period of time required by law for divorce, and that respondent was a nonresident of the State of Alabama with her last known address in Canton, New York. This complaint also alleges a separation of the parties on May 7,1958 and demands judgment for divorce on the ground of abandonment.
The complaint and answer in the judgment roll, as filed, is entitled, “ In the Circuit Court of the Tenth Judicial Circuit of Alabama, Bessemer Division, In Equity, Case No. 17344.” This complaint alleges plaintiff was a resident of Jefferson County, Bessemer Division, Alabama, for more than one year next preceding in date of the filing of the complaint for a divorce, and that respondent was also a bona fide resident of Jefferson County, Bessemer Division, and lived in Dolomite, Alabama. It further alleges the parties were separated on or before September 1,1957. The answer and waiver in this Circuit Court action admits the allegations of the complaint as to the residence of the parties and their separation. If plaintiff is successful in establishing that the latter answer, waiver and agreement were forgeries, then it is clear there has been no appearance by her in the action heard by the Alabama court resulting in a decree of divorce dated September 19, 1958. The answer and waiver which plaintiff admittedly signed was only an appearance limited to the defense of a specific action and cannot be construed as an authorized appearance in an entirely different suit. The courts of this State are not required to give a foreign decree of divorce full faith and credit where the appearance on behalf of a spouse is not authorized or was procured as the result of fraud, coercion or duress. (Towers v. Towers, 21 Misc 2d 56; Bardenek v. Bardenek, 269 App. Div. 861; Friedlander v. Friedlander, 73 N. Y. S. 2d 423; Averbuck v. Averbuck, 270 App. Div. 116; Kerr v. Kerr, 41 N. Y. 272.) A forged appearance, of course, is no appearance at all by the person whose name was forged, and no court would recognize a judgment *258 based thereon. Such a judgment would be utterly void because of complete lack of jurisdiction and due process.
Defendant’s motion is granted to the extent that the complaint demands judgment that the separation agreement be declared null and void and that the agreement be vacated and set aside, and further insofar as the complaint relates to the awarding of support and maintenance to plaintiff and the infant. In all other respects the motion is denied with leave to plead the Alabama divorce decree and such other facts as may be appropriate as defenses, within 10 days after the service of a copy of the order to be entered hereon.