Mario Pittoni, J.
Motion to dismiss the complaint on the ground that ‘ ‘ there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits, deter *454 mining the same cause of action between the parties ” (Rules Civ. Prac., rule 107, subd. 4).
The complaint alleges a cause of action for a judgment declaring a divorce obtained by the defendant in the State of Alabama to be null and void on the ground that plaintiff did not appear in the action, did not consent to the divorce, was not served with process in the State of Alabama or elsewhere, and that he did not authorize anyone to appear in his behalf.
A copy of the alleged decree of divorce, and of a power of attorney purportedly signed by the plaintiff is attached to the papers, but neither of these documents warrant a dismissal on the ground stated above. No other court has passed upon the validity of defendant’s divorce.
Moreover, even if the plaintiff voluntarily appeared in the divorce action it may be that the holding in Boxer v. Boxer (7 A D 2d 1001, affd. 7 N Y 2d 781) and similar cases will have to be re-examined in the light of Hartigam v. Hartigan (128 So. 2d 725 [Ala.]). A divorce decree was set aside in the Hartigan case on the court’s own motion where it was ascertained by the court that the plaintiff or complainant therein had not been a resident for 12 months; and neither party was ever a bona fide resident of Alabama. Motion to dismiss is denied.