■ IRVING BARD, Respondent, v. HELEN R. BARD, Appellant.— In an action for a judgment declaring that plaintiff and defendant are husband and wife and that a decree obtained by her (the defendant) in Alabama divorcing her from plaintiff is null and void for lack of jurisdiction over him, the defendant appeals from an order of the Supreme Court, Nassau County, dated June 30, 1961, which denied her motion, pursuant to subdivision 4 of

rule 107 of the Rules of Civil Practice, to dismiss the complaint on the ground that there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties (see 29 Misc 2d 453). Order affirmed, without costs. Despite the recitals contained in the Alabama decree, the courts of this State are not required to give full faith and credit to a foreign divorce decree where the plaintiff in the foreign divorce action was not a permanent resident of the foreign State and where the appearance on behalf of the defendant spouse either was not authorized or was procured through fraud, coercion or duress (*Stauffer* v. *Stauffer,* 26 Misc 2d 254, 257, and cases there cited). In support of his contention that the answer, waiver and appearance filed in his behalf in the foreign divorce action were not authorized, the plaintiff asserts: (1) that the subject "Power of Attorney and Contract of Employment" was delivered conditionally and the condition was not fulfilled; and (2) that, in any event, the said authorization or power of attorney was revoked by him prior to the time that the defendant (his wife) departed for Alabama to obtain the divorce. These assertions are denied by defendant. Under the circumstances, the issues thus raised are required to be resolved by a plenary trial. Since the issues in this action will have to be tried, and since the record reveals that after defendant's procurement of the Alabama divorce decree she married a third party with whom she presently resides, we deem it appropriate to direct attention to the fact that such third party must be joined as a party defendant in this action for a declaratory judgment; he is indispensable; without him no effective judgment may be rendered (*Varrichio* v. *Varrichio,* 269 App. Div. 678; *Lauricella* v. *Lauricella,* 13 Misc 2d 799). The defendant's time to answer the complaint is extended until 20 days after entry of the order hereon. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.