DOLORES STEINBERG, Respondent, v. BERTRAM STEINBERG, Appellant. —In an action for divorce, the defendant husband appeals, as limited by his brief, from an order of the Supreme Court, Nassau County, dated June 18, 1974, which referred to the trial court his motion for temporary alimony and counsel fees. Order reversed, without costs, and defendant's motion denied. At Special Term the defendant made application pursuant to sections 236 and 237 of the Domestic Relations Law for *pendente lite* relief and submitted supporting papers alleging his financial need and his wife's financial ability to comply. We have considered, on the merits, defendant's application for the relief requested and find it to be without basis in law (CPLR 5501, subd. [c]; Domestic Relations Law, §§ 236, 237). An award of temporary alimony and counsel fees is strictly statutory (*Caldwell* v. *Caldwell,* 298 N. Y. 146; *Querze* v. *Querze,* 290 N. Y. 13; *Anastasiadis* v. *Anastasiadis,* 53 Misc 2d 807). It has long been the rule that in matrimonial actions, an area comprehensively covered by the Legislature, the courts may not fashion remedies not provided by statute. In *Walter* v. *Walter* (217 N. Y. 439, 441–442) the court stated, as here pertinent, "when the statutes expressly state the powers of the courts, define how actions to annul marriages may be brought and prohibit such actions to be brought otherwise, the court may no longer assert its original jurisdiction and add to those who are authorized by statute to maintain such actions." Section 236 of the Domestic Relations Law provides, in part, that under proper

circumstances " the court may direct the husband to provide suitably for the support of the wife " and no reciprocal potential obligation is placed upon a wife. Any change in this statutory scheme must come from the Legislature, as the statute's classification is grounded upon a rational basis. We note that the Legislature has declined, at least up to now, to amend section 236 so as to permit the court to award alimony and counsel fees to a husband (see Senate Bills S 1592, S 2475 and Assembly Bill A 5838 [1974 Legislative Session]; Senate Bills S 637, S 1581 and Assembly Bill A 343 [1972 Legislative Session]). Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.