OPINION OF THE COURT
Arthur E. Blyn, J.
Petitioner father seeks custody of three of his four children, now ages 14 and 13-year-old twins. In effect he is asking this court to exercise its discretion to modify the custody provision of a foreign decree of divorce. Respondent mother opposes the petition on the basis of such prior judgment and argues, in her cross motion, that this court should decline to accept jurisdiction in this case.
*282 It appears that the marriage between the parties was dissolved some four years ago in the jurisdiction of the marital domicile, the State of New Jersey. The judgment of divorce incorporated by reference a separation agreement by the parties wherein respondent gained custody of all four children. Since the entry of that judgment respondent and the children have continued to reside in New Jersey and petitioner has resided in New York.
On or about December 8, 1977 the respondent had an accident at home requiring a short period of hospitalization. Petitioner alleges that some long-standing psychiatric and/or alcoholic problems were the cause of this accident which problems he claims demonstrate the need for a change of custody. Although it appears that following the incident the children were under the supervision of a responsible female adult who lives in the respondent’s home and their maternal grandparents who arrived shortly thereafter, petitioner removed the three younger children to this jurisdiction and promptly enrolled them in school here.
Five days after the commencement of this proceeding by order to show cause respondent commenced a proceeding also by order to show cause returnable January 13, 1978, Superior Court, Mercer County, in the State of New Jersey which, inter alia, seeks the return of the three children to that jurisdiction. The issue presented is whether or not, in the exercise of sound discretion, and in the best interest of the children, this court should exercise its power and in effect modify the custody provision of the New Jersey decree.
 It is well established that the mere physical presence of a child in New York is sufficient to confer on its courts the power to determine custody. Where there has been a prior determination of custody by a court of another jurisdiction, an exercise of the aforesaid power by our courts, of necessity, could result in a modification of the prior foreign judgment. Custody decrees need not be afforded full faith and credit. (Matter of Bachman v Mejias, 1 NY2d 575.) Such a judgment, however, should be recognized and given great weight except where circumstances are shown which would adversely affect the health or welfare of the child. (Matter of Lang v Lang, 9 AD2d 401, affd 7 NY2d 1029; People ex rel "XX" v "ZZ" 43 AD2d 196; Matter of Metz v Morley, 29 AD2d 462.) In short, once jurisdiction is established, our courts may proceed to determine custody based upon the child’s best interests.
*283 However, the courts of this State have long frowned upon the method of lawless self-help utilized by this petitioner as a pretense for such jurisdiction. (Matter of Nehra v Uhlar, 43 NY2d 242; Matter of Bennett v Jeffreys, 40 NY2d 543, 550; Matter of Lang v Lang, supra.) As the Court of Appeals most recently stated in Nehra (p 246): "refusal to condone abduction of children will provide better stability for * * * children who would otherwise remain subject to the exercise of lawless self-help by either of their embattled parents.”
Notwithstanding the existence of the power to decide custody by reason of mere physical presence in this State, when such means are utilized, they can form the basis to deny the exercise of jurisdiction provided, of course, that in so doing the best interests of the child will be served (Matter of Nehra v Uhlar, supra; Matter of Berlin v Berlin, 21 NY2d 371, cert den 393 US 840; Matter of Lang v Lang, supra).
These principles have been recently codified and expanded in the newly enacted Uniform Child Custody Jurisdiction Act (Domestic Relations Law, art 5-A; L 1977, ch 493) which, although not effective until September 1, 1978, is a clear expression of the public policy of this State. Section 75-i thereof would proscribe the exercise of the jurisdiction under the facts presented at bar by reason of the petitioner’s conduct. It is likewise interesting to note that under the new statute, irrespective of the petitioner’s conduct, jurisdiction itself under the facts presented here would be somewhat dubious (§ 75-d) and, assuming it did lie, the court could well decline to exercise it on another ground, inconvenient forum (§ 75-h). Similarly relevant to this case section 75-n provides for full faith and credit recognition of out-of-State custody decrees and section 75-o limits the circumstances under which a foreign decree may be modified.
Petitioner has failed to demonstrate by other than mere allegations that the best interest of his children requires that this court accept jurisdiction. It is of interest, and relevant, to note that the alleged emotional problems of the respondent alluded to by the petitioner are said to be of long standing. Nevertheless petitioner consented to the mother having custody four years ago and made no effort during that time to seek a change until one month ago.
The petitioner apparently took the three children out of their classes in New Jersey prior to completion of their school term and hastily enrolled them in a school in New York. It *284 should also be noted that the oldest child, age 16, refused to leave his mother’s home and still resides there.
In the light of the foregoing public policy of this State and the opinion of the Court of Appeals in Matter of Nehra (supra), the court believes that no useful purpose would be served by encouraging the kind of conduct demonstrated by the petitioner. If there is any real basis for a change in custody this can easily be resolved in the Superior Court of the State of New Jersey. New Jersey has been their home State for many years. Obviously their friends reside there, their schooling has taken place there and obviously much of the relevant evidence concerning the best interests of the three children would more readily be available in that jurisdiction.
The court therefore declines to take jurisdiction of the matter of custody. However, it does exercise its powers under the jurisdiction it has of the petitioner and directs that the petitioner return the three children forthwith to the respondent mother.