OPINION OF THE COURT
Douglas F. Young, J.
This motion by defendant for an order dismissing that portion of the complaint in this action for a divorce which seeks custody of the infant children of the marriage raises the question whether the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, § 75-a et seq., L 1977, ch 493) (the "Act”) can be retroactively applied to an action commenced prior to its effective date. This determination is critical to the determination of this motion, as it appears to the court that it would not have jurisdiction over the question of custody under common-law concepts of jurisdiction, but would have jurisdiction if the Act were applicable.
The essential facts underlying the jurisdictional question are not in dispute. The parties were married in New York State in 1970 and resided in New York for the major portion of their marriage. There are two infant children of the marriage, aged eight and five. After experiencing difficulties in their marriage, the details of which are not relevant to the instant application, the parties entered into a separation *757 agreement on April 9, 1978. The agreement, which was executed in this county provided, inter alia, that the defendant wife would have custody of the infant children and that the plaintiff husband would have reasonable visitation. The agreement contained no geographical restrictions on the defendant wife’s residence. The agreement contains language which provides that it is to be interpreted and governed by the laws of the State of New York. On May 1, 1978, subsequent to the execution of the agreement, the defendant wife moved to St. Cloud, Minnesota, taking the infant children with her. The defendant and the children have resided in Minnesota ever since that date. There is no evidence or allegation that the defendant ever attempted to prevent the plaintiff from ascertaining her whereabouts.
Plaintiff commenced this action for divorce, based on the defendant’s alleged cruel and inhuman treatment, by serving the summons and complaint on the defendant personally in Minnesota on June 5, 1978. The defendant appeared, pro se, for the limited purpose of challenging in personam jurisdiction over her and challenging this court’s jurisdiction over the question of custody. Defendant subsequently retained New York counsel and now moves to dismiss that portion of the complaint which seeks custody of the children on the ground that the court lacks jurisdiction. In the alternative, defendant seeks an order dismissing the custody portion of this action on the ground of forum non conveniens.
 Under case law applicable prior to the effective date of the Act, jurisdiction to make an initial determination respecting custody was dependent upon either the child’s presence in the State (Matter of Bachman v Mejias, 1 NY2d 575; Finlay v Finlay, 240 NY 429, 431) or the court’s in personam jurisdiction over the child’s parents (May v May, 233 App Div 519; 2 Foster and Freed, Law and the Family § 29:2; see May v Anderson, 345 US 528). Neither of these predicates to jurisdiction is present here. The children are in Minnesota with the defendant. Jurisdiction over the defendant is based upon the service by plaintiff, a New York resident, in Minnesota. Such service is a sufficient basis for the assertion of in rem jurisdiction over the marital res, and therefore a sufficient jurisdictional basis for a judgment respecting the parties’ marital status (Domestic Relations Law, § 230; 1 Foster and Freed, Law and the Family, § 5:12). Such service, in and of itself is not, however, a sufficient basis for the assertion of in perso *758 nam jurisdiction over the nonresident defendant (Jackson v Jackson, 290 NY 512; Stauffer v Stauffer, 26 Misc 2d 254, 256; cf. Geary v Geary, 272 NY 390, 398; 1 Foster and Freed, Law and the Family, § 5:12).
CPLR 313, the section under which defendant was presumably served, provides that service of process outside of the State gives the court personal jurisdiction over "[a] person domiciled in the state or subject to the jurisdiction of the courts of the state under [CPLR] section 301 or 302”. Defendant is not domiciled in this State and thus is not subject to jurisdiction under CPLR 301 (see, generally, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7 B, CPLR 301:1-301:6, pp 5-17). While the execution of a separation agreement in New York may serve as a proper predicate to in personam jurisdiction over the defendant wife pursuant to CPLR 302 (subd [a], par 1), in an action based upon the separation agreement (Kochenthal v Kochenthal, 28 AD2d 117, 121; Underwood v Underwood, 92 Misc 2d 359), it is not sufficient for the assertion of in personam jurisdiction in an action for divorce unless jurisdiction can be sustained under CPLR 302 (subd [b]) (see Lieb v Lieb, 53 AD2d 67, 71; Renaudin v Renaudin, 37 AD2d 183, 185; Whitaker v Whitaker, 32 AD2d 595).
CPLR 302 (subd [b]), the matrimonial "long-arm” statute, is inapplicable to the instant matter as its language is such that it provides a basis for in personam jurisdiction over a nonresident defendant in a matrimonial action only where a plaintiff wife is a resident of the State at the commencement of the action: "A court in any matrimonial action or family court proceeding involving a demand for support or alimony may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state, or over his or her executor or administrator, if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the obligation to pay support or alimony or alimony accrued under the laws of this state or under an agreement executed in this state.” (Emphasis supplied.)
Inasmuch as the law in New York prohibits the award of alimony or support to a husband (Domestic Relations Law, *759 § 236; Steinberg v Steinberg, 46 AD2d 684), a husband cannot be "the party seeking support”. Because the residence in New York of the party seeking support is a prerequisite to jurisdiction over the nonresident defendant (see McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7 B, CPLR 302:27, p 26), the statute cannot stand as a predicate to in personam jurisdiction over the nonresident defendant wife. This gap, stemming from classification based upon sex which has been upheld as being founded upon a rational basis (Steinberg v Steinberg, supra), cannot be said to render the statute unconstitutional.
Accordingly, the court concludes that it does not have in personam jurisdiction over the defendant wife and under case law existing prior to the Act, would not have jurisdiction over the question of custody.
Under the act, however, the court would have jurisdiction over the question of custody of the children of the parties. Section 75-d of the Act, which sets forth the prerequisites for the assertion of jurisdiction over the question of custody, specifically excludes the child’s presence from those prerequisites in New York (Domestic Relations Law, § 75-d, subd 3) and does not include in personam jurisdiction over the parents. The prerequisites which would be applicable are set forth in section 75-d (subd 1, par [a]) of the Domestic Relations Law, which provides: "A court of this state which is competent to decide child custody determination by initial or modification decree only when: (a) this state (i) is the home state of the child at the time of commencement of the custody proceeding, or (ii) had been the child’s home state within six months before commencement of such proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state”.
In the instant case, New York is not the children’s "home state”, as they had not, at the commencement of this action, resided in New York for at least six consecutive months. However, jurisdiction exists pursuant to section 75-d (subd 1, par [a], cl [ii]) of the Domestic Relations Law because at the commencement of this action, New York had been the children’s home State within six months prior thereto and their absence was due to their removal by a person claiming custody, viz., the defendant wife. Thus, the question of jurisdic *760 tion turns on the question of whether the Act is applicable to this action.
The question of the retroactivity of a statute which increased the court’s jurisdiction was discussed extensively by Judge Fuld of the Court of Appeals in Simonson v International Bank (14 NY2d 281), where the court specifically held that CPLR 302, the "long-arm” statute, was not applicable to an action instituted prior to the effective date of that statute. Judge Fuld discussed the oft-cited general rule that procedural statutes are to be afforded a retroactive effect, but stated that different considerations arise where, as here, the movant seeks to apply the procedural changes embodied in the statute to actions previously taken in the proceeding. In order for a statute to be given retroactive effect to that extent language evidencing a clear legislative intent to do so must be present in the statute: "In other words, while procedural changes are, in the absence of words of exclusion, deemed applicable to 'subsequent proceedings in pending actions’ (Lazarus v. Metropolitan El. Ry. Co., 145 N. Y. 581, 585), it takes 'a clear expression of the legislative purpose to justify’ a retrospective application of even a procedural statute so as to affect proceedings previously taken in such actions. (Coane v. American Distilling Co., 298 N. Y. 197, 204, 205, supra; see, also, Shielcrawt v. Moffett, 294 N. Y. 180, 188-189, 191; Southwick v. Southwick, 49 N. Y. 510, 517; People ex rel. Central New England Ry. Co. v. State Tax Comm., 261 App. Div. 416, 418.)” (14 NY2d 281, 289-290, supra.)
Based upon this reasoning and the absence of any clear expression of legislative intent in the CPLR, Judge Fuld concluded that "[I]t is manifest * * * that the new section does not apply to actions instituted prior to its effective date and does not operate, by relation back, to validate an attempted service of process which was jurisdictionally defective when made” (14 NY2d 281, 290). By a parity of reasoning, it is manifest that at the commencement of this action the court did not have jurisdiction over the question of custody and that the Act, which became effective on September 1, 1978 (L 1977, ch 493, § 2), did not operate by relation back to confer upon the court jurisdiction it did not possess at the time of the commencement of the action.
The court is aware of several reported opinions in which the Act has been cited in support of conclusions reached in custody proceedings instituted prior to September 1, 1978 (see, *761 e.g., Matter of Nehra v Uhlar, 43 NY2d 242, 248; Matter of Anonymous, 92 Misc 2d 280). Those cases are, however, distinguishable from the instant matter as they involve postjudgment or custody modification cases in which the New York Courts initially had jurisdiction over the question of custody based upon the presence of the children in New York (Nehra, supra pp 247-248) or situations in which the Act’s policy respecting acceptance or declination of jurisdiction merely codified, rather than modified, existing case law (see Anonymous, supra, p 283).
Thus, the court finds that the Act does not apply to the case at bar and, therefore, the court lacks jurisdiction over the question of custody of the children. Accordingly, the motion to dismiss that aspect of the complaint which seeks judgment awarding plaintiff custody of the children is granted.