■ Neftali Gomez, Respondent, v Blanca R. F. Gomez, Appellant. — In a matrimonial action in which the parties were divorced, the mother appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Zelman, J.), dated March 11, 1981, which, after a hearing, *inter alia,* modified the divorce decree by awarding custody of the child of the parties to the father. Order reversed insofar as appealed from, on the law, without costs or disbursements, and the appellant's cross application to dismiss the father's application is granted. The parties were married in Florida in 1971. They had a child, Neff, later that year. In 1974, the wife left home with the child and moved to Louisiana where she has remained since. In 1975 the father obtained a Florida judgment of divorce on the ground of abandonment upon his wife's default. Due to his severe financial circumstances he did not seek custody of Neff at that time and the Florida court gave custody to the mother with liberal visitation rights to the father. In August, 1979 Neff went to visit his father who had relocated in New York a few years earlier. At the

end of the month, instead of returning the child to his mother, the father made the instant application in New York to modify the 1975 Florida custody decree and have custody of Neff placed with him. The application alleged jurisdiction on the basis of the child's presence in this State and the existence within New York of evidence concerning the "child's present and future care". The mother appeared and interposed a cross application seeking, *inter alia,* payment of arrears of child support. She did not challenge jurisdiction. On September 12, 1979 Special Term held that it had jurisdiction based on the child's presence in this State. Later that day the mother left the State with the child and returned to Louisiana. The following day, upon the father's motion, temporary custody was given to him and an order of attachment was issued. A second order granting temporary custody was issued on September 24, 1979 and this court on its own motion dismissed the mother's appeal from this latter order that had issued upon her default. The child was thereafter returned to New York. In May, 1980 the mother appeared in this State and moved to vacate the temporary custody orders, and to dismiss the father's application on jurisdictional grounds or, in the alternative, to have the court conduct a hearing on the issue of jurisdiction and custody. Following a hearing, Special Term found that New York could properly assert jurisdiction over the dispute as the father and the boy had "significant connection with this state" (Domestic Relations Law, § 75-d, subd 1, par [b]), whereupon the court granted custody to the father. On appeal, the mother argues that New York did not have jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA) and therefore the order must be reversed. We agree. The UCCJA, as codified in article 5-A of the Domestic Relations Law, establishes the predicates for subject matter and in personam jurisdiction in custody disputes. (Domestic Relations Law, § 75-d; *People ex rel. Bruzzese v Bruzzese,* 70 AD2d 957; *Matter of Priscilla S. v Albert B.,* 102 Misc 2d 650, 653; *Schaeffer v Schaeffer,* 101 Misc 2d 118; see *Marotz v Marotz,* 80 Misc 2d 477; *Mondy v Mondy,* 395 So 2d 193 [Fla]; *Etter v Etter,* 405 A2d 760 [Md].) Although the mother did not contest in personam jurisdiction and waived her objection by interposing a cross application, *inter alia,* for arrears (cf. *Henderson v Henderson,* 247 NY 428; *Matter of Theresa H. v Pasquale G.,* 102 Misc 2d 759, 764), subject matter jurisdiction is not waiveable. (*Schaeffer v Schaeffer, supra,* p 120.) Therefore, the father had to satisfy one of the statutory predicates for jurisdiction that would enable Special Term to exercise its powers. Section 75-d of the Domestic Relations Law provides four bases for the exercise of jurisdiction. (*Vanneck v Vanneck,* 49 NY2d 602, 608-609; *De Passe v De Passe,* 70 AD2d 473; Lynch, New York's Custody Act, 51 NYS Bar J 625.) The only two that are relevant here permit a court to exercise jurisdiction if "it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training and personal relationships" or "the child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child" (Domestic Relations Law, § 75-d, subd 1, pars [b], [c]). Jurisdictional facts must be demonstrated to the court's satisfaction "in the first instance" (*Vanneck v Vanneck, supra,* pp 608-609) and whatever may occur after the jurisdictional question is determined is irrelevant to that issue. (*Pitrowski v Pitrowski,* 97 Misc 2d 755.) Therefore, there must be an analysis of the facts that were brought to the court's attention as of September 12, 1979 when it was first determined that jurisdiction existed. On that day, the child did not have "significant connection" with this State as Neff's only connection was his one-month visitation period with his father. This period standing alone is an

insufficient nexus under the UCCJA (see *Matter of Priscilla S. v Albert B., supra*), since presence alone is no basis under the UCCJA to assume jurisdiction. (Domestic Relations Law, § 75-d, subd 2; *Appelblom v Appelblom,* 66 AD2d 188.) Hence Special Term erred in finding as it did on this issue inasmuch as the facts relied upon by it occurred more than one year after the jurisdictional issue was first decided. The "emergency" basis for acquiring jurisdiction requires that the movant demonstrate that the child will somehow suffer emotionally or physically if jurisdiction is not exercised. (*De Passe v De Passe, supra; Schaeffer v Schaeffer, supra; Ferreira v Ferreira,* 512 P2d 304 [Cal].) Of some significance is the fact that in the father's application he sought to establish jurisdiction on the basis of "significant connection" with this State and that both courts before whom the controversy was heard in September, 1979 based their decisions on the child's presence in this State at the time the application was submitted. There was then no claim that an emergency situation existed. (Cf. *Mondy v Mondy, supra.*) Allegations of past mistreatment occurring in Louisiana were made by counsel for the father at a hearing after the initial determination of jurisdiction was made. In any event, these allegations were unsupported. (See *Schaeffer v Schaeffer, supra.*) In our view, there was no basis for a New York court to exercise its authority over this custody dispute under the UCCJA. Accordingly, we reverse the order and grant the appellant's cross application to dismiss the father's application. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.