OPINION OF THE COURT
Charles A. Kuffner, J.
In this matrimonial proceeding, plaintiff moves for an order dismissing defendant’s first, second, and third affir *838 mative defenses. The first affirmative defense asserts that this court does not have in personam jurisdiction over the defendant. The second affirmative defense asserts that the complaint does not state a cause of action. The third affirmative defense asserts that this court does not have subject matter jurisdiction over the issue of custody of the parties’ children. Defendant wife cross-moves for an order dismissing the custody and child support issues in this action, on the ground of forum non conveniens, or alternatively, requiring plaintiff to pay for the traveling and lodging costs of defendant to attend hearings in this State. Since the issues raised by these two motions are so intertwined, they will be considered and disposed of together.
Plaintiff and defendant were married on June 4,1977 in Tampa, Florida. There are two children of the marriage, one born in Florida and the other born in New York. After the marriage, the parties resided in Tampa. In 1978, plaintiff left Tampa to attend medical school in the Dominican Republic. He finished medical school in November of 1981 and he and defendant and the first child resided together in Tampa until July of 1982. At that time, the parties moved to Staten Island so that plaintiff could commence his internship and residency at St. Vincent’s Medical Center. The parties had another child, born here in September, 1982.
One year after the parties moved to Staten Island, defendant left and returned to Tampa and presently lives there with the parties’ children. The parties disagree on the circumstances surrounding defendant’s departure. Plaintiff claims defendant abandoned him without justification. Defendant claims plaintiff wanted a divorce and insisted that she leave the marital residence and return to Florida. This action was commenced when defendant was personally served with a summons in Florida.
Defendant’s objection to in personam jurisdiction is based primarily on a literal reading of New York’s matrimonial long-arm statute, CPLR 302 (subd [b]), which reads: “Personal jurisdiction over non-resident defendant in matrimonial actions or family court proceedings. A court in any matrimonial action or family court proceeding involving a demand for support, alimony, maintenance, *839 distributive awards or special relief in matrimonial actions may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state, or over his or her executor or administrator, if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the claim for support, alimony, maintenance, distributive awards or special relief in matrimonial actions accrued under the laws of this state or under an agreement executed in this state.” (Emphasis added.)
Defendant’s position is that since plaintiff is not a party seeking support, he cannot avail himself of the long-arm statute, and the court cannot obtain personal jurisdiction over defendant and therefore cannot award maintenance, support, or distribute marital property. Defendant relies on the case of Pitrowski v Pitrowski (97 Misc 2d 755), the facts of which are similar to the case at bar. In Pitrowski (supra), the court held that it could not exercise personal jurisdiction over defendant wife because the plaintiff husband was not entitled to alimony (citing Steinberg v Steinberg, 46 AD2d 684) and therefore could not be a “party seeking support” under CPLR 302 (subd [b]). However, the rationale of Pitrowski is no longer viable, since the Legislature enacted section 236 (part B, subd 6) of the Domestic Relations Law subsequent to that decision. Under this statute, husbands can obtain an award of alimony (now “maintenance”) and the statute is gender neutral. (11c Zett-Kaufman-Kraut, NY Civ Prac, § 66.01 [1] [a]; see Orr v Orr, 440 US 268.) The result in Pitrowski (supra) would undoubtedly be different today because of the new statute.
Notwithstanding the change in the law, there is no rational basis for denying plaintiff husband the benefits of the long-arm statute because he chose not to go through the formality of seeking support from his wife, although he is now entitled to do so under the gender-neutral provisions of section 236 (part B, subd 6) of the Domestic Relations Law. If the wife were the plaintiff herein, she would likely seek support from her husband; plaintiff *840 should not be penalized by the denial of the benefits of the long-arm statute because of his status as a husband who, in the real world, is rarely awarded maintenance or support. Any restrictions on the husband of the protection of the long-arm statute is a denial of the equal protection of the law based on his sex. (US Const, 14th Arndt.) Discrimination based on sex is permissible under the equal protection clause of the 14th Amendment only if it bears a rational relationship to a permissible purpose of the classification. (See Seidenberg v McSorley’s Old Ale House, 317 F Supp 593.) However, it has already been held by the United States Supreme Court that there is no rational basis for a distinction between the sexes where alimony and support between spouses is concerned. (Orr v Orr, supra, at pp 281-283.)
In addition, the long-arm statute contemplates that there will be cases in which the court will exercise personal jurisdiction over nonresident wives; it may be exercised “notwithstanding the fact that he or she no longer is a resident of or domiciliary of this state”. (Emphasis added.)
Certainly defendant cannot deny that she has exercised those certain minimum contacts with this State so that the exercise of in personam jurisdiction over her does not offend “traditional notions of fair play and substantial justice” (Milliken v Meyer, 311 US 457, 463; see, also, Millner Co. v Noudar, Lda., 24 AD2d 326), under the test established in International Shoe Co. v Washington (326 US 310). She resided here with her husband for over one year, and the child, Christopher Abbott was born here. A trend is clearly discernible toward expanding the permissible scope of State jurisdiction over foreign corporations and other nonresidents. (McGee v International Life Ins. Co., 355 US 220, 222).
Finally, the court notes that plaintiff should not be denied the benefit of the long-arm statute based on the fact that he does not formally seek support in his pleadings. That matter is a mere formality given the liberal policy concerning amendments to pleadings (CPLR 3025, subd [b]) and nothing in the record before the court to indicate that leave to amend would not be granted if sought by plaintiff.
*841 Therefore the court holds that CPLR 302 (subd [b]) may confer personal jurisdiction over nonresident wife where the husband does not formally seek support in his pleadings, because he is entitled to do so under section 236 (part B, subd 6) of the Domestic Relations Law. The reality that husbands are rarely awarded support or maintenance should not deny him the equal protection of the long-arm statutes. The court having concluded that personal jurisdiction exists over the defendant, it may exercise that jurisdiction over the issues of maintenance, support and equitable distribution, custody and child support. (See Browne v Browne, 53 AD2d 134.) Plaintiff’s motion to dismiss defendant’s first affirmative defense is accordingly granted.
The court finds that the complaint sets forth a viable cause of action for divorce based on cruel and inhuman treatment. Although the alleged abandonment did not continue for one year prior to the commencement of the actions, it is but one factor to be considered among others in an action based on cruel and inhuman treatment. Accordingly, plaintiff’s motion to dismiss the second affirmative defense is granted.
The motion to dismiss the third affirmative defense and the cross motion to dismiss the child custody issues, raise the issue as to whether this State is a convenient forum to make a determination of custody. No custody proceeding has been commenced by defendant in Florida.
Undoubtedly this court has jurisdiction to make such a determination since this State had been the children’s home State within six months prior to the commencement of this proceeding, and the children are absent because of their retention or removal by a person claiming custody. (Domestic Relations Law, § 75-d, subd 1, par [a], cl [ii].)
While the State of Florida may be a convenient forum to determine custody, this State is no less convenient for that purpose. There may be close connections with the child and his family in Florida, but it cannot be said on the facts presented here that it has a closer connection (Domestic Relations Law, § 75-h, subd 3, par [b]). Likewise, there may be substantial evidence in Florida concerning the child’s care, protection, training, etc., but it cannot be said that it *842 is more readily available there than in this State (Domestic Relations Law, § 75-h, subd 3, par [c]). The parties did reside here for over a year as husband and wife, and one of the children was born here. Under the circumstances it is incumbent on the party seeking to convince the court that it should decline to exercise jurisdiction to make an adequate showing that another State has a closer connection with the child or that substantial evidence is more readily available in another State.
In sum, it does not appear that the balance is strongly in favor of defendant. Unless the balance is strongly in favor of defendant, the plaintiff’s choice of forum should rarely be disturbed. (Bata v Bata, 304 NY 51, 56, quoting the Supreme Court in Gulf Oil Corp. v Gilbert, 330 US 501, 508.)
Therefore, the motion to dismiss the third affirmative defense is granted and the cross motion to dismiss the custody issues on the ground of forum non conveniens is denied.
Defendant requests alternatively that in the event this court does not dismiss the custody issues on forum non conveniens grounds, it requires plaintiff to pay the costs of traveling and lodging for defendant and the children to New York to attend hearings.
There is no authority in article 5-A of the Domestic Relations Law (the Uniform Child Custody Jurisdiction Act) for such an order. That law provides for such payments only if it appears to the court that it is clearly an inappropriate forum (Domestic Relations Law, § 75-h, subd 7). The traveling expenses to be incurred by defendant are regrettable, but, with the children’s best interests in mind, unavoidable. (See Sharp v Aarons, 101 Misc 2d 323.)