202 N.J. Super. 289 (1985)
494 A.2d 1035
MONICA WENDY SWIRE, PLAINTIFF-APPELLANT,
v.
KENNETH M. SWIRE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1985.
Decided June 12, 1985.
*290 Before Judges MATTHEWS, FURMAN and HAVEY.
Harvey Levine argued the cause for appellant (Ploshnick & Levine, attorneys).
No appearance was made on behalf of respondent.
The opinion of the court was delivered by FURMAN, J.A.D.
Plaintiff appeals from dismissal of her action seeking custody of the sons of the marriage between the parties, one born in 1973 and the other in 1975. The dismissal was for lack of jurisdiction under the Uniform Child Custody Jurisdiction Act (Uniform Act), N.J.S.A. 2A:34-28 et seq. Defendant has not entered an appearance or filed any pleading or appellate brief; he did communicate by letter to the trial court urging that New York was the proper forum.
The parties were married in New York in 1973. Plaintiff moved to New Jersey with the two children in 1978 and, later *291 that year, filed an action for divorce in New York also seeking custody. She was granted a divorce and custody; a supplemental order granted defendant visitation on alternate weekends and certain religious holidays. The children resided with their mother in New Jersey, except for one winter in Florida, until April 1984. In 1982 defendant brought an action in New York for custody and abatement of child support arrearages because of denial of his right of visitation.
Plaintiff appeared in the New York proceeding. Her motion for dismissal on jurisdictional grounds was denied. Upon consideration of the testimony before him, including the report of a psychiatrist, the New York judge transferred custody to defendant because of plaintiff's lack of cooperation with the visitation order. Plaintiff was granted a stay of the order transferring custody until she perfected her appeal. The stay expired and she turned the children over to defendant's custody on April 1, 1984. She subsequently perfected her appeal.
In June 1984 plaintiff was granted visitation rights by the New York court. She took the children with her to New Jersey for ten days' visitation in late August. Concerned that they were upset and unhappy in New York, plaintiff arranged that a psychiatrist and a psychologist separately examine them. The psychiatric and psychological reports were unequivocal that plaintiff should be the custodial parent.
The psychiatrist concluded:
It is my opinion that both Jonathan and Philip are suffering from stress related emotional illnesses. Each separately expressed feelings of sadness, anger and helplessness at having been separated from their mother and forced to live with their father, whose behavior they experienced as neglectful and oppressive. It seems most likely that a continuation of this situation will lead to a worsening of their maladjustment into a more severe and permanent emotional illness with detrimental consequences to their further development and maturation.
The psychologist concluded:
Jonathan and Philip Swire are in imminent danger of serious psychological deterioration and must be immediately removed from their father's home and returned to the custody of the mother with whom they have resided all their lives.
*292 In reliance upon the two expert reports, plaintiff decided not to return the children to defendant in New York at the end of the ten-day period in accordance with what she perceived to be their best interests. The New York court two weeks later on defendant's motion ordered the children's surrender back to him. Plaintiff did not comply. On November 1, 1984, she filed the present action for custody in New Jersey. Subsequently, her appeal from the New York judgment awarding custody to defendant was dismissed because of her noncompliance with the judgment and visitation order of the New York court.
Several sections of the Uniform Act bear upon the issue whether this state lacked jurisdiction, as the trial court held, to modify the New York custody judgment.
Four alternative jurisdictional prerequisites under the Uniform Act are set forth in N.J.S.A. 2A:34-31:
a. The Superior Court of the State of New Jersey has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or
(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
b. Except under paragraphs (3) and (4) of subsection a., physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.
*293 Under N.J.S.A. 2A:34-41, a custody decree is of binding effect in this state unless the court which rendered it lacked jurisdiction under N.J.S.A. 2A:34-31. N.J.S.A. 2A:34-42 authorizes a court of this state to modify the custody decree of another state if:
(1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree, and (2) the court of this State has jurisdiction.
N.J.S.A. 2A:34-34 bars the exercise of New Jersey jurisdiction if a simultaneous proceeding concerning custody is pending "in a court of another state exercising jurisdiction substantially in conformity with this act." Finally, N.J.S.A. 2A:34-36 bars the exercise of New Jersey jurisdiction to modify the custody decree of another state if the child or children were brought into this state or retained here in violation of the other state's custody decree "[u]nless required in the interest of the child."
Defendant relies upon Neger v. Neger, 93 N.J. 15 (1983), which affirmed a judgment deferring jurisdiction of a child custody case to the courts of California under the Uniform Act. Neger is distinguishable and not controlling. In Neger the former wife, a resident of this state, attacked a California custody order entered a week before on the ground of lack of subject matter jurisdiction. At the time of the California order, the former husband resided there; he had had alternate custody of the four-year old child under a joint custody agreement incorporated in a supplemental judgment of the California court entered only eight months before; a physician appointed by that court had examined the child and her father. The only change of circumstances in the intervening week after the California custody order under attack was that the former wife, in defiance of it, had fled with the child to New Jersey.
Applying the pertinent sections of the Uniform Act, we are constrained to reverse and remand. At the time New York assumed jurisdiction in 1983 to award custody of the two children to defendant, that state patently lacked jurisdiction *294 under N.J.S.A. 2A:34-31a(1)(3) and (4). The children had not lived in New York for the preceding five years; they were not physically present in New York; New Jersey met, as it does now, the jurisdictional prerequisites of the Uniform Act. The remaining inquiry is whether under N.J.S.A. 2A:34-31a(2) New York properly assumed jurisdiction in the "best interest" of the children because they and defendant, their father, had a "significant connection" with New York and there was available in New York "substantial evidence concerning [the children's] present or future care, protection, training or personal relationships."
According to New York precedents construing the section of the New York Domestic Relations Law parallel to N.J.S.A. 2A:34-31, the New York court which awarded custody to defendant in 1983 lacked subject matter jurisdiction. In Steinman v. Steinman, 80 A.D.2d 892, 436 N.Y.S.2d 901 (App.Div. 1981), New York declined jurisdiction because the children had resided in another state for a year and a half. Accordingly, there was no longer "optimum access to relevant evidence" in New York and the assertion of jurisdiction there "violated the spirit of the UCCJA." Gomez v. Gomez, 86 A.D.2d 594, 446 N.Y.S.2d 127 (App.Div. 1982), aff'd 56 N.Y.2d 746, 452 N.Y.S.2d 13, 437 N.E.2d 272 (Ct.App. 1982), held that a child's one month's visitation with his father, a New York resident, was not a sufficient nexus of the child with that state, to meet the "significant connection" prerequisite of the New York counterpart to N.J.S.A. 2A:34-31a(2).
We agree. In 1983 the children lacked a significant connection with New York. The New York divorce judgment of five years before awarded custody to plaintiff, then residing with the children in New Jersey. The children's only connection with New York was that their father, a New York resident, had a right of visitation with them. That connection fell short of the jurisdictional prerequisite of a "significant connection" warranting a custody decree.
*295 Moreover, the vast preponderance of relevant evidence about the children's care, education and personal relationships existed in New Jersey, not in New York. Optimum access was here. Substantial evidence relevant to a custody determination was lacking in New York. We adopt the rationale under parallel facts of the New York Appellate Division in Steinman that the assertion of jurisdiction by the New York court violated the intent and spirit of the Uniform Act.
Accordingly, we hold that the New York order of 1983 transferring custody to defendant is not entitled to recognition and enforcement in this state under N.J.S.A. 2A:34-41 because the jurisdictional prerequisites of the Uniform Act were not met in New York. Because of that holding we need not determine the applicability of N.J.S.A. 2A:34-42 as of the time of the institution of the present action in November 1984.
We next consider whether N.J.S.A. 2A:34-34, barring exercise of simultaneous jurisdiction, or N.J.S.A. 2A:34-36, barring exercise of jurisdiction in child-snatching cases, justifies the trial court's dismissal for lack of jurisdiction. N.J.S.A. 2A:34-34 clearly does not. Plaintiff's appeal from the New York custody order of 1983 was pending at the time both of the complaint and judgment on appeal. We have held that the New York order was entered without jurisdiction under N.J.S.A. 2A:34-31. Under the circumstances plaintiff should not be precluded under N.J.S.A. 2A:34-34 from proceeding for custody in this state, where the statutory jurisdictional prerequisites were met.
On this record we cannot resolve the applicability of N.J.S.A. 2A:34-36. Under that section a state otherwise meeting the statutory jurisdictional prerequisites for adjudicating custody is barred from assuming jurisdiction if the child or children are retained there unlawfully in defiance of the custody decree of another state. Plaintiff did retain the children in August 1983 contrary to the New York custody and visitation orders. Unlike N.J.S.A. 2A:34-34, N.J.S.A. 2A:34-36 is not *296 subject to the express exception that jurisdiction may be exercised if the court of the other state which awarded custody itself lacked jurisdiction. The Uniform Act states as one of its paramount purposes to "[d]eter abductions and other unilateral removals of children undertaken to obtain custody awards." As we noted supra, the one express exception to the jurisdictional bar of N.J.S.A. 2A:34-36 is that jurisdiction should be exercised in child-snatching cases if "required in the interest of the child." But a factual determination of the applicability of that exception has never been reached. No evidence has been introduced. Relevant considerations would include whether the Swire children, in the custody of their father, were subject to or threatened with mistreatment or abuse or otherwise neglected.
The present action is to adjudicate custody. Initially, whether a court of this state is barred from exercising jurisdiction under the Uniform Act must be resolved. We have held that the New York order of 1983 transferring custody to defendant is not entitled to binding effect in this state because the jurisdictional prerequisites of the Uniform Act were not met in New York at the time of its entry. The remaining jurisdictional issue to be resolved is whether a court of this state should assume jurisdiction notwithstanding the bar of N.J.S.A. 2A:34-36 because it is required to in the interests of the two Swire children.
Under the circumstances, we remand with directions that the trial court conduct a plenary hearing to resolve the foregoing jurisdictional issue. If the resolution of that issue is in the negative, the action should be dismissed. If the resolution is in the affirmative, the trial court should proceed to the issue of custody on the merits, presumably relying at least in part upon the same fact findings which justified it in assuming jurisdiction, notwithstanding N.J.S.A. 2A:34-36.
We reverse and remand for further proceedings not inconsistent herewith. We do not retain jurisdiction.