■ GARY M. HARRISON, Respondent, v MARY A. HARRISON, Appellant.—In a habeas corpus proceeding, the appeal is from a judgment and order (one paper) of the Family Court, Suffolk County (Abrams, J.), entered October 2, 1985, which, after a hearing, sustained the writ and ordered appellant to deliver the parties' two infant children to petitioner in accordance with a decree of the Court of Common Pleas of Greene County, Pennsylvania, which granted petitioner a divorce and custody of the two children.

Judgment and order reversed, on the law and the facts, and proceeding dismissed, with costs.

The parties were married in 1976 and lived in Pennsylvania from that time until September 1980. Their son was born in that State in May 1980. In September 1980 the family moved to Virginia and marital difficulties developed. In February 1981 the wife initiated divorce and custody proceedings in Virginia, resulting in an award of custody of the son to her pursuant to the parties' agreement. In August 1981 another child was born in Virginia. In January 1983, in an attempt to reconcile, the wife and the two children moved into the husband's mother's house in Waynesburg, Pennsylvania, where he was living, and remained there for two or three weeks. The wife then moved, with the children, into her own apartment in the same town. In early March 1983, without informing her husband of her actions, the wife and children moved to Long Island, New York, where they have since resided. Shortly thereafter, the husband initiated proceedings in Pennsylvania seeking a divorce and custody of the children. Following a hearing on July 29, 1983, at which the wife did not appear, the Court of Common Pleas of Greene County, Pennsylvania dissolved the marriage and awarded custody of the children to the husband. The husband now seeks enforcement of that decree in the courts of this State.

Pennsylvania has adopted the Uniform Child Custody Jurisdiction Act (UCCJA), which is codified in the Pennsylvania Judicial Code (42 Pa Cons Stats Ann § 5341 *et seq.*). New York's codification of the UCCJA is found in Domestic Relations Law article 5-A. The UCCJA establishes the predicates for both subject matter and in personam jurisdiction in custody disputes *(Gomez v Gomez,* 86 AD2d 594, 595, *affd* 56 NY2d 746). Domestic Relations Law § 75-n provides that a foreign decree is enforceable in this State if the State which issued the decree "assumed jurisdiction under statutory provisions substantially in accordance with this article". The essential question is, therefore, whether the Pennsylvania court had jurisdiction pursuant to the UCCJA to award custody in this matter *(see, Vanneck v Vanneck,* 49 NY2d 602, 608-609). Although Pennsylvania had subject matter jurisdiction *(see,* Pennsylvania Rules of Civ Proc rule 1915.2 [a] [4]; Domestic Relations Law § 75-d [1] [d]), the wife was not properly notified of the proceedings and Pennsylvania did not, therefore, acquire in personam jurisdiction over her.

Upon a showing of diligent but unsuccessful attempts to serve the wife with process in person or by mail, the court in

Pennsylvania ordered service by local publication. The Pennsylvania statutory provision governing service on out-of-State residents provides in relevant part:

"(a) General rule—Notice required for the exercise of jurisdiction over a person outside this Commonwealth shall be given in a manner reasonably calculated to give actual notice, and may be * * * as directed by the court including publication, if other means of notification are ineffective.

"(b) Duration—Notice under this section shall be served, mailed, or delivered or last published at least 10 days before any hearing in this Commonwealth" (42 Pa Cons Stats Ann § 5346; *see,* Domestic Relations Law § 75-f, the comparable New York statute).

The record reveals that the notice to the wife was published in the *Observer Reporter* of Washington, Pennsylvania on July 6th, 13th and 20th, 1983. The hearing before the Court of Common Pleas of Greene County, Pennsylvania was held on July 29, 1983, only nine days after the last date the notice was published. According to the Pennsylvania statute quoted above, the notice was defective in that the last publication date was not at least 10 days prior to the hearing. Furthermore, at the hearing the Pennsylvania court was informed that the wife and children were believed to be located in Long Island, New York; the order permitting local publication in Pennsylvania was not, therefore, reasonably calculated to give actual notice as the Pennsylvania statute requires.

In view of our finding that Pennsylvania did not properly acquire in personam jurisdiction over the wife, that State's custody decree is not enforceable in the courts of New York (Domestic Relations Law § 75-n). Lazer, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.