■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NANCY MORGAN, Respondent-Appellant, v RICHARD MORGAN, Appellant-Respondent. — Cross appeals from an order of the Family Court of Sullivan County, entered September 2, 1980, which denied respondent's cross petition in a habeas corpus proceeding for custody of a child of the parties and ordered that the child be returned to petitioner, and appeal by petitioner from another order of said court, entered August 1, 1980, which denied petitioner's application for a writ of habeas corpus without a hearing. Petitioner Nancy Morgan and respondent Richard Morgan were married in 1971, and a son and a daughter had been born of the marriage when, in 1979, the parties entered into a separation agreement pursuant to which petitioner was to have custody of both children. Shortly after the execution of the agreement, petitioner moved to Florida with the children, and in March of 1980 she asked respondent to come to Florida and take their daughter, Julie, back to New York to live with him because she was ill and unable to care for both children. Respondent acceded to her request and brought Julie to New York to live with him, and later, by notice dated July 7, 1980, he appeared by his attorney and consented to the entry of a default judgment in an action by petitioner for divorce even though he knew that the separation agreement giving custody of the children of the marriage to petitioner would be incorporated, but not merged, in the judgment. Thereafter, on July 17, 1980, respondent was informed by a letter from petitioner that Julie would be picked up by her maternal grandfather and returned to petitioner in Florida in early August, 1980, but respondent refused to allow the child to be taken back to Florida. On July 25, 1980, the judgment of divorce was granted to petitioner. With these circumstances prevailing on July 30, 1980, petitioner commenced the instant proceeding for a writ of habeas corpus in Supreme Court, Sullivan County, wherein she alleged that Julie was being illegally detained. By return affidavit filed the next day respondent sought dismissal of the writ and also made a cross motion, denoted as a counterclaim, for permanent custody of the child. The proceeding was immediately referred by Supreme Court to the Sullivan County Family Court which, in a decision dated August 1, 1980, denied petitioner her writ and directed that Julie temporarily remain in respondent's custody pending the court's determination of the custody issue. In response, petitioner moved to dismiss respondent's cross motion for custody on the ground that the court lacked subject matter jurisdiction and for an order returning Julie to her, increasing her child support, granting her counsel fees and traveling expenses and imposing visitation restrictions upon respondent. Ultimately, the court agreed with petitioner that it lacked subject matter jurisdiction to entertain respondent's cross motion for custody, and it ordered that Julie be returned to petitioner. Both parties now appeal with respondent challenging the denial of his cross motion and petitioner challenging so much of the court's order as failed to grant her requests for visitation restrictions, increased child support, counsel

fees and traveling expenses. A motion by respondent to stay enforcement of the order pending this appeal has been granted by this court (Family Ct Act, § 1114, subd [b]). Upon our consideration of the various issues presented on this appeal, we initially find that the court erred in concluding that it lacked subject matter jurisdiction over respondent's cross motion for custody under the provisions of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, art 5-A). That act provides, in section 75-d (subd 1, par [b]), that the court has jurisdiction when: "it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships". Supporting the exercise of jurisdiction by Family Court in the situation here are several significant factors, to wit: the matrimonial domicile was in New York; the separation agreement was executed in New York and expressly states that New York law is to govern its interpretation; the decree dissolving the marriage and awarding custody was made in New York; respondent has lived in New York and continues to do so and Julie was a resident of New York until 1979 and then returned to New York in March, 1980 and has since remained here; and petitioner herself chose New York as the forum for this proceeding by her application for a writ of habeas corpus. In contrast, the only connections between this dispute and the State of Florida are that petitioner moved there after the execution of the separation agreement and Julie lived there from May, 1979 to March, 1980. Additionally, there is clearly sufficient evidence within the jurisdiction so that the court can intelligently resolve the custody issue. Not only is respondent, as noted, a New York resident, but Julie has also resided in New York for the great majority of the time since her birth on August 1, 1973 and particularly since her return to New York in March of 1980. Moreover, petitioner, a New York resident until her move to Florida in 1979, obviously must have brought to this State evidence concerning her suitability as a parent because it was she who commenced the habeas corpus proceeding in this State. Under all of these circumstances, Family Court's conclusion that it lacked subject matter jurisdiction was erroneous, and we find present in the record no other factors relative to respondent's conduct or otherwise which should have caused the court in its discretion to decline to exercise its jurisdiction. As the Court of Appeals aptly recognized in an earlier custody case, no useful purpose on behalf of the child in question is served "by abstaining from exercise of jurisdiction and thereby projecting another round of protracted and protracting litigation" *(Matter of Nehra v Uhlar,* 43 NY2d 242, 248). In so ruling, we frankly recognize that respondent's position on this appeal would have been even stronger had he not allowed petitioner to obtain by default her divorce judgment incorporating the parties' separation agreement. However, at the time he, through his attorney, consented to the entry of such a judgment, he had not as yet been informed by petitioner that she wanted Julie to be returned to Florida, and the highly unusual circumstances of this case could well have resulted in his being understandably, but falsely secure in the belief that petitioner would allow him to retain custody of their daughter. Also, when he was finally apprised of petitioner's desires, only eight days remained before the granting of the divorce decree, the significance of which, as a layman, he likely did not appreciate. Such being the case, the best interests of the child should be determinative *(Matter of Nehra v Uhlar, supra;* see, also, *People ex rel. Bruzzese v Bruzzese,* 70 AD2d 957), and a hearing on Julie's custody should be had. Lastly, we note that petitioner will in no way be prejudiced by the denial

of her application for a writ of habeas corpus because she will have a full opportunity to present the evidence supporting her claim for custody at the hearing on respondent's cross motion for the same relief. Resolution of her remaining requests for visitation restrictions, increased child support, counsel fees and traveling expenses should also await the court's determination of the custody issue. Order entered September 2, 1980, reversed, on the law, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent herewith; appeal from order entered August 1, 1980, dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Casey, JJ., concur.