■ In the Matter of EDWARD B. TICK, Appellant, v BETSY L. TICK, Respondent. — Appeal from an order of the Family Court of Columbia County (Zittell, J.), entered September 8, 1982, which determined that New York does not have jurisdiction to determine custody of the parties' child. At issue on this appeal is whether jurisdiction over the instant child custody dispute should be exercised by the courts of Massachusetts, rather than the courts of this State. We conclude that even if the New York courts have jurisdiction, they should refrain from exercising it and, therefore, we affirm Family Court's dismissal of the petition. The relevant facts relating to the jurisdictional issue are largely undisputed. Respondent, in May, 1980, left the parties' marital abode in New York and, together with the parties' infant son, moved to Massachusetts, where she currently resides. Shortly thereafter, she moved in the Probate Court of Berkshire County, Massachusetts, for temporary support. The parties appeared with counsel and negotiated an agreement providing, *inter alia,* that the parties shall have joint custody of the child with respondent the primary residential custodian. The following day, June 26, 1980, Probate Court issued an order incorporating the agreement and directing the parties to comply with the terms of the agreement. Petitioner commenced an action for divorce in New York State Supreme Court in April, 1981 and respondent commenced an action for divorce in Massachusetts in May, 1981. Respondent failed to appear in the New York action and petitioner obtained a default judgment in July, 1981. The judgment referred all matters of custody, visitation and support to Family Court of Columbia County and granted petitioner custody of the parties' child pending Family Court's determination. Based upon the custody provision, petitioner refused to return the child, who was then visiting him, to respondent. Pursuant to Supreme Court's referral, petitioner commenced the instant custody proceeding in Family Court and, in opposition, respondent also filed a petition in Family Court seeking custody of the child. Respondent thereafter moved in Supreme Court to vacate her default in petitioner's divorce action and her motion was granted to the extent that the custody provisions were vacated and the jurisdictional issue was referred to Family Court, with respondent given custody of the child pursuant to the prior order of the Probate Court of Berkshire County, Massachusetts, pending Family Court's determination of the jurisdictional issue. Family Court held that "the matter of custody is for the appropriate court of the Commonwealth of Massachusetts". This appeal ensued. Assuming that petitioner is correct in his contention that there exists a jurisdictional basis for the New York courts' jurisdiction over this custody matter (see Domestic Relations Law, § 75-d), and further assuming that he is correct in his claim that the Federal Parental Kidnapping Prevention Act (US Code, tit 28, § 1738A) is inapplicable, we conclude, nevertheless, that the courts of this State should refrain from exercising jurisdiction. The Berkshire County Probate Court had, under the

laws of Massachusetts, subject matter jurisdiction of the custody dispute when the June 26, 1981 order was issued (see *Murphy v Murphy,* 404 NE 2d 69, 71-72 [Mass]). Petitioner had notice of the Massachusetts proceeding and voluntarily participated in Massachusetts in negotiations resulting in a stipulation concerning custody that named respondent, who was residing in Massachusetts, as the child's primary residential custodian. The stipulation was incorporated into the Massachusetts Probate Court's order and petitioner took no appeal. Under these circumstances, the relevant provisions of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, art 5-A) provide ample grounds to support Family Court's decision not to exercise jurisdiction over the custody dispute (Domestic Relations Law, §§ 75-g, 75-h, 75-n; see, also, *Vanneck v Vanneck,* 49 NY2d 602). Such a result is entirely consistent with the general purposes of the act (Domestic Relations Law, § 75-b). Petitioner's claim that respondent's filing of a custody petition with Family Court constituted an election of remedies by which she should be bound is rejected. Respondent's petition was defensive in nature, in response to petitioner's attempt to have custody determined in New York, and was intended to protect her interests in the event Family Court decided to exercise its jurisdiction. As noted above, the relevant provisions of the Uniform Child Custody Jurisdiction Act support Family Court's decision not to exercise its jurisdiction and those provisions are not dependent upon which party is seeking to have the court resolve the custody dispute. The existence of the Massachusetts order incorporating the stipulation, together with the pending proceedings in Massachusetts, distinguish this case from *People ex rel. Morgan v Morgan* (79 AD2d 1060), upon which petitioner relies. The order should be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.