■ SHELLEY L. ROBINSON, Appellant, v WILLIAM G. ROBINSON, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Fischer, J.), entered August 19, 1986 in Cortland County, which, *inter alia*, denied plaintiff's motion to dismiss defendant's counterclaim for custody of the parties' child.

In 1982, the parties obtained a New York divorce which incorporated, but did not merge, a 1979 written separation agreement. Custody of their only child was given to plaintiff, who in 1979 permanently relocated with the child from Cortland County to Florida. Plaintiff commenced this New York action in 1984 to recover arrearages in support payments. Defendant's answer asserted that jurisdiction properly lay in Family Court and that plaintiff's move to Florida had impaired his visitation rights. Supreme Court denied two motions by plaintiff for summary judgment, but granted defendant's cross motion for leave to amend his answer to assert, *inter alia*, a counterclaim seeking custody of the child. Plaintiff moved to strike the counterclaim contending that the court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-d), and for counsel fees to defend the counterclaim (Domestic Relations Law § 237). Supreme Court denied plaintiff's motion and ordered an immediate trial. This court granted a stay pending determination of plaintiff's appeal from said order.

There must be a reversal. The predicates for the exercise by a New York court of subject matter jurisdiction over a custody matter are found in Domestic Relations Law § 75-d, which delineates four bases for jurisdiction *(see, Gomez v Gomez,* 86 AD2d 594, 595, *affd* 56 NY2d 746). Domestic Relations Law § 75-d (1) (b) is the only portion applicable to the facts of this case and provides for jurisdiction when "it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships". In *Vanneck v Vanneck* (49 NY2d 602, 610), the Court of Appeals held, "Particularly relevant to the jurisdictional determination is whether the forum in which the litigation is to proceed has 'optimum access to relevant evidence' (Prefatory Note of

Commissioners on Uniform State Laws, 9 ULA [Master Ed], § 3, p 124)." The legislative design is " 'to limit jurisdiction rather than to proliferate it' " *(id.).*

The operative facts demonstrate that defendant has failed to meet the statutory requirements since the child has resided in Florida from 1979 to date, the only contacts with New York being brief visitations here with her father. All other evidence concerning care, custody, education, medical and social needs is in Florida, which is the child's home State under the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-c [5]; § 75-d [1] [a]; *see, Mayoff v Robin,* 115 AD2d 524, 526). Nor has defendant demonstrated that plaintiff absconded with the child. While defendant retained reasonable visitation rights under the terms of the separation agreement, that agreement also provided that each party "shall and may reside from time to time such place or places as each shall from time to time desire" *(cf. Entwistle v Entwistle,* 61 AD2d 380). The nature and quality of the visits may be in dispute, but the record indicates that defendant has exercised his visitation rights. We find defendant's reliance upon *People ex rel. Morgan v Morgan* (79 AD2d 1060) misplaced since the factual situation therein substantially differs from the instant case. There, the petitioning mother chose to commence the proceeding to recover custody in New York; the child had been in Florida only about one year and had returned to New York and resided with her father, the respondent, and substantial evidence concerning the child's care, treatment and welfare was present in New York for the proceeding.

Finally, we find no abuse of Supreme Court's discretion in reserving decision upon plaintiff's motion for counsel fees until the time of trial *(see, Matter of Summers v Faust,* 110 AD2d 643, 644).

Order modified, on the law and the facts, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss the counterclaim seeking custody; said motion granted and counterclaim dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.