THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY WARD, Appellant. [992 NYS2d 888]—Judgment, Supreme Court, New York County (Bonnie Wittner, J., at plea; Carol Berkman, J., at sentencing), rendered on or about August 14, 2012, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Gische, JJ.

In the Matter of STEPHANY C., Appellant, v JOSE C., Respondent. [992 NYS2d 889]—Order, Family Court, New York County (Fiordaliza A. Rodriguez, Ref.), entered on or about October 17, 2013, which, after a hearing, dismissed the petition by appellant mother for custody of the subject child, unanimously affirmed, without costs.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. The record demonstrates that appellant voluntarily appeared and submitted to the jurisdiction of the Circuit Court of Maryland, Baltimore County (Jan Marshall Alexander, J.), which rendered a judgment of divorce and custody that resolved the custodial issues raised in her custody petition (*see Matter of Tick v Tick*, 96 AD2d 657, 657-658 [3d Dept 1983]). Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Gische, JJ.